Citation Nr: 1438778 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 07-35 356 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to evaluation in excess of 20 percent for a duodenal ulcer from 
August 22, 2007 to October 25, 2012, on an extraschedular basis.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Turner, Associate Counsel


INTRODUCTION

The Veteran had active service from January 1956 to July 1959. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal, in part, from a February 2007 decision by the RO which, in part, granted service connection for duodenal ulcer and assigned a noncompensable evaluation; effective from July 6, 2006, the date of receipt of claim. 38 C.F.R. § 3.400(b)(2). By rating action in August 2007, the RO assigned an increased rating to 10 percent; effective from August 22, 2007, the date of a VA examination showing increased disability. 38 C.F.R. § 3.400(o)(2). The Board remanded the appeal for additional development in June 2011. 

In May 2012, the Board denied an increased (compensable) evaluation for duodenal ulcer prior to August 22, 2007, granted an increased schedular evaluation to 20 percent from August 22, 2007, and remanded the issue for consideration of an evaluation in excess of 20 percent on an extraschedular basis. The Board also found that a claim for TDIU was raised by the record, and remanded this issue for additional development. 

In an August 2014 rating decision, the RO increased the schedular evaluation for duodenal ulcer to 60 percent and awarded TDIU, effective October 25, 2012. As entitlement to a TDIU was granted, it is no longer before the Board. Thus, the claim of entitlement to an evaluation in excess of 20 percent for duodenal ulcer for the period of August 22, 2007 to October 25, 2012 on an extraschedular basis is the only issue now before the Board.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.






REMAND

Although further delay is regrettable, the Board finds further development must be undertaken prior to appellate review.

In May 2012 and September 2013, the Board remanded the appeal for referral of the claim to the Director of Compensation and Pension (C&P) Services for consideration of an increased rating for duodenal ulcer in excess of 20 percent from August 22, 2007, on an extraschedular basis. Though an August 2014 rating decision issued by the AOJ suggests that the Veteran's claim was indeed referred to the Director of C&P services, who recommended a 60 percent extraschedular evaluation for duodenal ulcer, effective October 25, 2012, there is no evidence of record of communication from the Director of C&P services to the AOJ. As such, it is unclear whether the prior remand instructions were carried out.

If the AOJ is in possession of correspondence from the Director of C&P services considering an extraschedular award for duodenal ulcer from August 22, 2007, it should be associated with the claims file. If, in fact, the claim was never referred for consideration of an increased rating for duodenal ulcer in excess of 20 percent from August 22, 2007, the AOJ should do so on remand.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). Expedited handling is requested.)

1. If possible, any correspondence from the Director, C&P services for consideration of an increased evaluation for duodenal ulcer in excess of 20 percent from 
August 22, 2007, should be associated with the claims file.

2. If, on prior remand, the claims file was not forwarded to the Director, C&P Services for extraschedular consideration of an increased evaluation for duodenal ulcer in excess of 20 percent from August 22, 2007, the AOJ should do so now. The Director of C&P services is requested to provide adequate reasons and bases for the decision made.

3. If, on remand, the missing records are located and associated with the claims file, the appeal should be returned to the Board directly. If referral to the Director of C&P services for extraschedular consideration is required, the AOJ should then readjudicate the claims for an evaluation in excess of 20 percent for duodenal ulcer from August 22, 2007 to October 25, 2012, on an extraschedular basis. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished a Supplemental Statement of the Case and given the opportunity to respond thereto. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).